**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Steven Lester,<br><br>        Plaintiff,<br><br>v.<br><br>Presto Lifts, Inc., et al.,<br><br>        Defendants. | CV 12-398-PHX-PGR<br><br>**ORDER** |

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, filed by Defendant Vonberg Valve, Inc. ("Vonberg"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 10.) Also before the Court is Plaintiff's Motion for Leave to Amend Complaint. (Doc. 16.) For the following reasons the Court will grant Vonberg's motion to dismiss and deny Plaintiff's motion to amend.

**Background**

On February 24, 2012, Plaintiff filed a complaint against Vonberg and Presto Lifts, Inc., setting forth claims of negligence, strict liability, and breach of warranty. (Doc. 1.) Plaintiff alleges that he was injured in Arizona while performing repair work on a scissor lift manufactured by Presto. (*Id.*, ¶¶ 19–27.) According to the complaint, Plaintiff suffered injuries to his hand when the lift's platform collapsed. (*Id.*, ¶ 22.) Plaintiff alleges that the lift contained a defective Vonberg part—a safety velocity fuse—that failed and contributed to his injuries. (*Id.*, ¶¶ 16, 20–27.)

**Vonberg's Motion to Dismiss**

Vonberg moves to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2). When a defendant challenges personal jurisdiction, the plaintiff must make a prima facie showing of facts that, if true, would support jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003).

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463(1940)).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414–15 (1984) (citations omitted). Plaintiff argues that Vonberg is subject to general jurisdiction in Arizona. (Doc. 17 at 2.) "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --- U.S. ---- , 131 S. Ct. 2846, 2851 (2011). A nonresident defendant's contacts must "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). This standard requires "continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *International Shoe*, 326 U.S. at 318). To determine whether a nonresident defendant's contacts are sufficient, courts consider their "[longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Taxon v. RJ Reynolds Tobacco Co.*, 433 F.3d 1163, 1172

- 2 -

(9th Cir. 2006). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *see CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011).

Vonberg argues that it is not subject to general jurisdiction in Arizona because it does not have systematic or continuous contacts with the state. Attached to its motion to dismiss is the affidavit of Michael Levon, Vonberg's president. (Doc. 10, Ex. A.) Levon attests that Vonberg is a corporation formed, incorporated, and operating under the laws of the state of Illinois. (*Id.*, ¶ 2.) Vonberg's principal place of business is Illinois, where its corporate headquarters and all its employees and facilities are located. (*Id.*, ¶¶ 3–4.) Vonberg is not, and never has been, registered to do business in Arizona. (*Id.*, ¶¶ 6–7). Vonberg has no offices or employees in Arizona and has never sent any employees to Arizona. (*Id.*, ¶¶ 9–11.) It has never paid taxes in Arizona or owned property in Arizona. (*Id.*, ¶¶ 8–9.) It has never advertised in Arizona, and has never entered into a contract in Arizona. (*Id.*, ¶¶ 12–13.)

Vonberg has sold products to Hydraulic Controls, Inc., a Nevada corporation based in Emeryville, California. (*Id.*, ¶ 19.) Hydraulic Controls distributes Vonberg products in the western United States and has an office in Phoenix, Arizona. (*Id.*, ¶¶ 10, 22.) Over the past six years Vonberg has made five shipments of parts to Hydraulic Controls' Arizona office. (*Id.*, ¶ 24.) Vonberg has never shipped the safety velocity fuse at issue in this case to the state of Arizona. (*Id.*, ¶ 15.) It has shipped the part only to a manufacturer in Arkansas. (*Id.*, 17–18.)

Plaintiff contends that Vonberg has engaged in systematic and continuous contacts with Arizona through its website, which directs customers to Hydraulic Controls. (Doc. 17 at 9–10.) Vonberg counters that its use of a "passive" website and the existence of a third

- 3 -

party distributor in the state are insufficient to subject it to personal jurisdiction in Arizona. The Court agrees. At most, Vonberg's contacts with Arizona indicate that it is doing business with the state rather than in the state. *See Bancroft & Masters*, 223 F.3d at 1086.

The Ninth Circuit and courts in this district have rejected allegations of personal jurisdiction in cases where a nonresident defendant's contacts with the state were closer and more frequent than Vonberg's ties to Arizona. In *The Hillman Group, Inc. v. Hy-Ko Products Co.*, CV 07-2446-PHX-JAT, 2008 WL 3583253, at *3 (D.Ariz. August 13, 2008), the court held that "merely maintaining a website that Arizona residents may access is not enough to satisfy general jurisdictional requirements." Here, as in *Hillman*, "there is no evidence that Defendant even consummates business transactions with residents of Arizona by means of the website at issue. The site merely provides information by locating potential third party sellers of Defendant's products." *Id.*

In *Marvix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011), the Ninth Circuit held that an Ohio corporation lacked sufficient contacts with California for the exercise of general jurisdiction. The defendant had no offices or staff in California, was not registered to do business in California, and paid no state taxes. *Id.* at 1225. The defendant did, however, maintain a "highly interactive" website which third parties used to advertise California jobs, hotels, and vacations, and California residents constituted a "substantial number" of the website visitors to whom the advertisements were directed. *Id.* at 1225–26. Nonetheless, the court found that operation of the site did not indicate an intent to cultivate "deep, persistent ties" with California residents. *Id.* at 1227.

The court also reiterated that "occasional" sales to forum residents by a nonresident defendant do not suffice to establish general jurisdiction, and that even the physical presence of a sales force in the state is insufficient to establish general jurisdiction. *Id.* at 1226 (citing *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984)); *see Bancroft & Masters*, 223 F.3d at 1086. In *Hillman*, the court considered the fact that the

defendant used the services of two agents who resided in Arizona but concluded that "[i]n the absence of an office, mailing address, or telephone number in Arizona, mere residence of sales people in state is insufficient to confer general personal jurisdiction." 2008 WL 3533253, at *5. Vonberg, by contrast, has no sales people in Arizona.

Neither presence in the state of a third party distributor for Vonberg parts, nor the sale of those parts in Arizona, is sufficient to subject Vonberg to general jurisdiction. "[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft & Masters*, 223 F.3d at 1086 (citing *Helicopteros*, 466 U.S. at 418).

In *Armored Group, LLC v. Supreme Industries, Inc.*, CV-09-414-PHX-NVW, 2009 WL 1390841, at *1 (D.Ariz. May 15, 2009), the district court held that a defendant that had sold vehicles to various Arizona corporations and had "at least eleven authorized dealers in Arizona" was not subject to general jurisdiction in the state. Despite the extent of these contacts with Arizona, the court found that the plaintiff had failed to establish "that Defendants are present in the state for all purposes" and had not demonstrated "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets that amount to a general presence in the state" as required for general jurisdiction. *Id.*

In *Emery v. BioPort Corp.*, 273 Fed.Appx. 694, 695–96 (9th Cir. 2008), an out of state vaccine manufacturer made bulk shipments to an independent contractor in Washington state. It also attempted to sell its product in Seattle and had business relationships with Washington companies. *Id.* However, it never maintained an office, employee, telephone, or mailing address in Washington, did not own or lease property in the state, and was not licensed to do business in the state. *Id.* The court held that the company's contacts with Washington were "insufficient to meet the 'fairly high' standard" required to establish general jurisdiction. *Id.* at 695. The court explained:

> Although the fact that a product manufactured by corporation in State A is shipped to an independent contractor . . . in State B may mean that the corporation is "doing business *with* State B," it does not mean that the corporation is "doing business *in* State B" for the purposes of establishing general jurisdiction.

*Id.* at 696.

Vonberg made a small number of shipments—five in the last six years—to the Arizona office of Hydraulic Controls. With no physical presence in the state, and only a passive website directing visitors to a third party distributor, Vonberg was doing business with Arizona but not in Arizona.

Finally, the Supreme Court's recent decision in *Goodyear* dictates a finding that Vonberg is not subject to general jurisdiction in Arizona. The Court held that there was no general jurisdiction over a nonresident tire manufacturer that did not design, manufacture, or advertise its products in the forum state, had no place of business, employees, or registration in the forum state, and did not solicit business or sell or ship tires to customers in the forum state. 131 S. Ct. at 2852. The Court explained that holding a nonresident manufacturer liable under these circumstances would expand general jurisdiction to make "any substantial manufacturer or seller of goods . . . amenable to suit, on any claim for relief, wherever its products are distributed." *Id.* at 2857.

Plaintiff has not made a prima facie showing of facts that would support personal jurisdiction. *Harris Rutsky & Co.*, 328 F.3d at 1128–29. Therefore, the Court will grant Vonberg's motion to dismiss pursuant to Rule 12(b)(2).

**Plaintiff's Motion to Amend**

Plaintiff's complaint alleges that, "At all times relevant to the within matter, Vonberg designed, manufactured, assembled, distributed, sold and/or introduced safety velocity fuses into the stream of commerce in the State of Arizona." (Doc. 1, ¶ 5.) Plaintiff seeks leave to amend the complaint to allege that "At all times relevant to the within matter, Vonberg designed, manufactured and/or assembled products which it introduced and/or directed into

- 6 -

1 the stream of commerce in the State of Arizona." (Doc. 16 at 2.)

2 Leave to amend a complaint should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). However, leave may be denied if the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "A district court does not err in denying leave to amend where the amendment would be futile, . . . or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted).

Plaintiff's motion to amend his complaint is futile. Alleging that Vonberg directed its "products" as opposed to "safety velocity fuses" into the stream of commerce in Arizona does not cure the complaint's failure to allege general jurisdiction. *See Goodyear*, 131 S. Ct. at 2855–56 (explaining that the stream of commerce theory relates to specific, rather than general, jurisdiction). The defect in both the original and the proposed amended complaint is the absence of facts showing a "continuous and systematic affiliation" between Vonberg and Arizona. *Id.* at 2851.

Because the proposed amended complaint would also be subject to dismissal under Rule 12(b)(2), amendment is futile.

Accordingly,

IT IS ORDERED granting Defendant Vonberg Valve's Motion to Dismiss (Doc. 10).

IT IS FURTHER ORDERED denying Plaintiff's Motion for Leave to File Amended Complaint (Doc. 16).

DATED this 18th day of June, 2012.

Paul G. Rosenblatt
United States District Judge

- 7 -