**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Lester,<br><br>        Plaintiff,<br><br>v.<br><br>Presto Lifts, Inc., et al.,<br><br>        Defendants. | CV 12-398-PHX-PGR<br><br>**ORDER** |

Before the Court is Defendant Vonberg Valve's Motion for Entry of Judgment Pursuant to Rule 54(b). (Doc. 21.) Plaintiff opposes the motion. (Doc. 26.)

On February 24, 2012, Lester filed a complaint against Defendants Presto Lifts, Inc., and Vonberg Valve, Inc., setting forth claims of negligence, strict liability, and breach of warranty. Lester alleges that he was injured while performing repair work on a scissor lift manufactured by Presto Lifts. He further alleges that the lift contained a defective manufactured by Vonberg Valve. On June 19, 2012, the Court granted without prejudice Vonberg Valve's motion to dismiss for lack of personal jurisdiction. (Doc. 20.)

Rule 54(b) of the Federal Rules of Civil Procedure provides that when multiple claims or parties are involved the court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) certification is proper if it will aid the expeditious resolution of the case. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). In

considering whether certification under Rule 54(b) is appropriate, the court is to consider whether the claims under review are separable legally and factually, and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

Plaintiff contends that the claims against Vonberg Valve are not separable from those against Presto Lifts. (Doc. 26 at 3.) This argument misses the mark, because the Court's order addressed only personal jurisdiction, an issue which is "easily severable from the merits of the lawsuit." *Core-Vent Corp.*, 11 F.3d at 1484. Plaintiff also contends that entering judgment will not expedite the litigation, given that he has filed a complaint against Vonberg in the Northern District of Illinois. (Doc. 26 at 3–4.) It is not evident, however, nor does Plaintiff explain, how an order allowing him to immediately appeal this Court's ruling on personal jurisdiction would result in multiple appellate decisions or duplicate proceedings concerning the issue or otherwise impede the "efficient administration of justice." *Core-Vent Corp.*, 11 F.3d at 1484; *see, e.g.*, *Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 5:07-cv-13, 2007 WL 2010476 at *1 (S.D.Tex. July 5, 2007) (noting that "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction").

In sum, the Court finds there is no just reason to delay entry of judgment.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant Vonberg Valve's Motion for Entry of Judgment (Doc. 21). The Clerk is directed to enter a final judgment dismissing without prejudice all claims against Defendant Vonberg Valve, Inc., pursuant to Federal Rule of Civil Procedure 54(b).

DATED this 20th day of August, 2012.

Paul G. Rosenblatt
United States District Judge

- 2 -