1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   Steven Lester,                    )    CV 12-398-PHX-PGR
                                       )
10              Plaintiff,             )
                                       )
11  v.                                 )    **ORDER**
                                       )
12  Presto Lifts, Inc., et al.,        )
                                       )
13              Defendants.            )
                                       )
14  _____ )

15          Before the Court is Defendant Vonberg Valve's Motion for Entry of Judgment

16  Pursuant to Rule 54(b). (Doc. 21.) Plaintiff opposes the motion. (Doc. 26.)

17          On February 24, 2012, Lester filed a complaint against Defendants Presto Lifts, Inc.,

18  and Vonberg Valve, Inc., setting forth claims of negligence, strict liability, and breach of

19  warranty. Lester alleges that he was injured while performing repair work on a scissor lift

20  manufactured by Presto Lifts. He further alleges that the lift contained a defective

21  manufactured by Vonberg Valve. On June 19, 2012, the Court granted without prejudice

22  Vonberg Valve's motion to dismiss for lack of personal jurisdiction. (Doc. 20.)

23          Rule 54(b) of the Federal Rules of Civil Procedure provides that when multiple claims

24  or parties are involved the court "may direct entry of a final judgment as to one or more, but

25  fewer than all, claims or parties only if the court expressly determines that there is no just

26  reason for delay." Rule 54(b) certification is proper if it will aid the expeditious resolution

27  of the case. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). In

28

1    considering whether certification under Rule 54(b) is appropriate, the court is to consider

2    whether the claims under review are separable legally and factually, and whether granting

3    the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings

4    on the same issues. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

5        Plaintiff contends that the claims against Vonberg Valve are not separable from those

6    against Presto Lifts. (Doc. 26 at 3.) This argument misses the mark, because the Court's order

7    addressed only personal jurisdiction, an issue which is "easily severable from the merits of

8    the lawsuit." *Core-Vent Corp.*, 11 F.3d at 1484. Plaintiff also contends that entering

9    judgment will not expedite the litigation, given that he has filed a complaint against Vonberg

10   in the Northern District of Illinois. (Doc. 26 at 3–4.) It is not evident, however, nor does

11   Plaintiff explain, how an order allowing him to immediately appeal this Court's ruling on

12   personal jurisdiction would result in multiple appellate decisions or duplicate proceedings

13   concerning the issue or otherwise impede the "efficient administration of justice." *Core-Vent*

14   *Corp.*, 11 F.3d at 1484; *see, e.g.*, *Animale Group, Inc. v. Sunny's Perfume, Inc.*, No. 5:07-cv-

15   13, 2007 WL 2010476 at *1 (S.D.Tex. July 5, 2007) (noting that "[o]ne would be hard-

16   pressed to find a decision in which a court denied Rule 54(b) certification after dismissing

17   a party for lack of personal jurisdiction").

18       In sum, the Court finds there is no just reason to delay entry of judgment.

19       Accordingly,

20

21       **IT IS HEREBY ORDERED** granting Defendant Vonberg Valve's Motion for Entry

22   of Judgment (Doc. 21). The Clerk is directed to enter a final judgment dismissing without

23   prejudice all claims against Defendant Vonberg Valve, Inc., pursuant to Federal Rule of Civil

24   Procedure 54(b).

25       DATED this 20th day of August, 2012.

26

27   Paul G. Rosenblatt
     United States District Judge

28                                    - 2 -